UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RACHELAN H. O'BRIEN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

Case No. C17-1938 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting her testimony and failing to incorporate more severe standing and walking limitations in determining plaintiff's residual functional capacity. Dkt. 11. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff is currently 43 years old, has at least a high school education, and has worked as a home attendant, hand packager, cashier/checker, mail carrier, and medical assistant. Administrative Record (AR) 586-87. Plaintiff applied for benefits in 2011. AR 87. She alleges disability as of 2009. AR 572. Plaintiff's applications were denied initially and on

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 1

reconsideration. AR 87, 88, 117, 118. The ALJ conducted a hearing in 2012 and issued a decision finding plaintiff not disabled. AR 42, 18-33. Plaintiff appealed the decision to this court, which reversed and remanded for further administrative proceedings. AR 654-74.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the 2009 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: degenerative joint disease of the bilateral knees, obesity, affective disorder, and anxiety-related disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, further limited to standing and/or walking for two hours and sitting for six hours per day. She can frequently operate foot controls, push/pull with the bilateral extremities, balance, and stoop. She can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She can occasionally kneel and crouch, but never crawl. She must avoid concentrated exposure to extreme cold, vibration, and hazards. She can understand, remember, and carry out simple and complex instructions, and accept instructions from supervisors. Contact with the public must not be an essential element of the job, but incidental contact is not precluded.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled.

AR 575-89. The Appeals Council declined to assume jurisdiction, making the ALJ's decision the Commissioner's final decision. AR 541-42.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Plaintiff contends the ALJ erred by failing to adopt a limitation to standing/walking less than two hours per day and a limitation to walking with a cane, and by discounting her symptom testimony.

**A.     Two Hour Standing/Walking Limitation**

After examining plaintiff in 2011, Gary Gaffield, D.O., opined several physical limitations, including that plaintiff could sit for eight hours and walk or stand "less than two hours" in an eight-hour day. AR 460. While the ALJ largely accepted the rest of Dr. Gaffield's opinions, she determined that plaintiff could sit only six hours but could "stand and/or walk for 2 hours" per day. AR 577. Plaintiff argues the ALJ erred in rejecting Dr. Gaffield's standing/walking limitation. Dkt. 11 at 3. The Commissioner argues that any such error is

harmless because the ALJ noted that even if Dr. Gaffield's opinions—standing/walking 1.5 hours and sitting eight hours—were fully adopted, the testimony of the vocational expert (VE) established that there were significant numbers of jobs in the national economy that plaintiff could perform. AR 577 n. 1, AR 588. The jobs identified were table worker, semiconductor die loader, and semiconductor wafer breaker. AR 613-14. Plaintiff argues that the VE testified that 1.5 hours of standing/walking is considered less than sedentary, and such a limitation "[w]ould eliminate [all] jobs…." AR 616.

Plaintiff's argument mischaracterizes the VE's testimony. The VE testified clearly that a person who could stand/walk 1.5 hours would be able to perform several sedentary jobs, as long as the person could sit for eight hours a day. AR 614-15. Plaintiff's attorney then asked the VE to agree that standing 1.5 hours "is less than sedentary" according to Social Security regulations, and the VE again clarified that "yes, it could be sedentary; but we also have that sitting for eight out of eight [hours]. So if we look at those two pieces"—*i.e.*, 1.5 hours standing/walking and eight hours sitting—a person with those limitations could perform the sedentary jobs identified. AR 615-16. Plaintiff's attorney asked the VE to separate out the two pieces, and the VE agreed that "if we look at just the hour and a half of standing and walking, that would be considered less than sedentary." AR 616.

> [Plaintiff's attorney:] And so if you have an individual who's limited to that degree, less than sedentary, would that tend to erode the number of jobs available and put –
>
> [VE:] Would eliminate the jobs if it was less than sedentary.

The VE's testimony establishes that a hypothetical person with an RFC limited to sedentary work, with the additional limitation to 1.5 hours standing/walking, would not be able to perform any jobs. However, the hypothetical RFC at issue here, based on Dr. Gaffield's

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

opinions, has both a *limitation below* sedentary standing levels, and an *ability above* sedentary sitting levels. In that case, the VE testified, a person can perform the jobs identified.

The Court concludes that, even if the ALJ erred by rejecting Dr. Gaffield's opinions, the error was harmless because substantial evidence supports the ALJ's finding that plaintiff could perform jobs available in significant numbers in the national economy.

**B.      Cane Limitation**

Plaintiff contends the ALJ erred by failing to incorporate into the RFC a limitation that she must use a cane to walk. Dkt. 11 at 11. The Commissioner argues that any such error is harmless because the ALJ noted that even if plaintiff were limited to walking with a cane, the VE's testimony established that there were significant numbers of jobs in the national economy that plaintiff could perform. AR 588.

The VE testified that a person using a cane with one hand could still perform the sedentary jobs identified (table worker, semiconductor die loader, and semiconductor wafer breaker), because the person could carry 10 pounds or less in the other hand. AR 617. The cane limitation would erode the occupational base by about 25%, however. AR 617-18. The net result was 41,955 jobs in the national economy. AR 588. Plaintiff argues that the total was 1,402 jobs in the state of Washington, which is too low. Dkt. 11 at 12-13. Under Social Security regulations, "work exists in the national economy when it exists in significant numbers *either* in the region where [the claimant] lives *or* in several other regions of the country." 20 C.F.R. §§ 404.1566, 416.966 (emphasis added). Under Ninth Circuit precedent, 25,000 jobs in the national economy is a "close call" but ultimately "represents a significant number of jobs in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). Regardless of whether 1,402 jobs in a region is enough, over 41,000 jobs in the nation is

clearly sufficient under Ninth Circuit precedent.

The Court concludes that, even if the ALJ erred by rejecting a limitation to using a cane to walk, the error was harmless because substantial evidence supports the ALJ's finding that plaintiff could perform jobs available in significant numbers in the national economy.

**C.  Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

In a 2011 function report, plaintiff stated that she "can't stand, can't do stairs, can't sit for more than [one hour, and] can't leave [her] home." AR 284. Plaintiff testified at the 2015 hearing that she lies down much of the day. AR 608. She does minimal housework, such as folding laundry or warming food, and helps her daughter with homework. AR 607-08. Her pain medication makes her feel drowsy and lightheaded. AR 609. She would need a cane if she had to go out every day. AR 609. She suffers from anxiety, and fears leaving her home. AR 610.

The ALJ discounted plaintiff's testimony based on a lack of supporting medical evidence, improvement with treatment, failure to follow treatment recommendations, her activities, and inconsistent statements. AR 579-84.

Improvement with treatment was a clear and convincing reason to discount plaintiff's testimony. Impairments that can be effectively controlled by treatment are not considered disabling for purposes of Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ noted that, in February 2015, plaintiff reported to

her doctor that pain medications improved her "ability to function adequately overall," including her "walking ability," and her functional activity level was two out of ten without medication but rose to five out of ten with medication, where ten denotes "the highest level of activity…." AR 851. Appointments in the record from December 2014 through August 2015 are consistent with the ALJ's assessment. In fact, plaintiff typically reported a functional activity level of seven out of ten. AR 854, 848, 844, 840. Plaintiff's reported functional activity level is more consistent with the ALJ's assessment that plaintiff can walk at least 1.5 hours and sit eight hours per day than with plaintiff's allegations that she cannot sit more than one hour, stand, or climb stairs, and does very little all day. The ALJ reasonably concluded that this evidence of improvement with treatment undermined plaintiff's claims of ongoing severe symptoms and disability. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Even if the other reasons the ALJ provided were erroneous, any error is harmless because the remaining valid reason of improvement with treatment related to plaintiff's "ability to perform vocational functions," demonstrated that the ALJ did not discount plaintiff's testimony arbitrarily. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 18 day of December, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE